## ROGERS v. HEIDINGSFELDER et al.
### No. 10198.

Court of Civil Appeals of Texas. Galveston.
Nov. 1, 1934.

Rehearing Denied Dec. 6, 1934.

Sylvain K. Lloyd, of Houston, for appellant.

A. E. Heidingsfelder and Samuel Schwartz, both of Houston, for appellees.

LANE, Justice.

W. H. Rogers brought this suit in trespass to try title to a certain lot or parcel of land, situated in the city of Houston, against A. E. Heidingsfelder, Sam Becker, and E. W. Redwine.

Plaintiff alleged that he was the owner of the property described together with two factory and warehouse buildings thereon; that defendants had unlawfully entered upon said premises, ejected him therefrom, and have since unlawfully withheld the same from him, to his damage in the sum of $8,000; that E. W. Redwine, after so unlawfully entering upon said premises, broke windows and locks of

the buildings and unlawfully entered same and began to wreck the same, which buildings were of the reasonable value of $4,000, and that he was continuing to wreck the buildings and would completely wreck them, to plaintiff's irreparable damage, unless restrained by the court; that plaintiff has no adequate remedy at law to prevent his suffering damages by the acts of defendant Redwine, in that he is insolvent; that Redwine is acting for himself and the other defendants; that such unlawful entering upon his premises without his consent and taking forcible possession thereof, together with the aforesaid damage done to the buildings, has damaged plaintiff in the sum of $5,000. He further alleged:

"That defendant Heidingsfelder has caused to be placed in the deed records of this county a certain sheriff's deed to said above premises, purporting to convey to said defendant the title to said premises, which said deed conveys no title to said defendant for the reason that the purported sheriff's sale under which said property was attempted to be sold was wholly void and of no effect, and said purported deed is void and of no effect in that said sale was not held in accordance with law, and passed no title, and same is a cloud upon this plaintiff's title and this court should order the same removed and of no further force and effect. That defendant Becker is claiming some title, lien, or encumbrance upon and against said premises, the exact nature of which is unknown to this plaintiff, but alleges that the same is void and of no effect, and is a cloud upon this plaintiff's title to said premises.

"Pleading in the alternative, this plaintiff says that said purported sheriff's deed is void for the reason that the same was given as a result of a purported sale to said defendant Heidingsfelder at a grossly inadequate consideration, to-wit: the sum of $500.00, whereas said property, at said time, was of the reasonable market value of in excess of $8,000.00, and should be set aside and held for naught."

"Wherefore, premises considered, plaintiff prays that the defendant Redwine, his agents, servants and employees, be enjoined from further trespassing upon said premises, or in any manner entering upon the same, or wrecking or razing any buildings on said premises, or removing any material from said premises, or disturbing or in any manner interfering with plaintiff's property, business or residence upon said premises, either directly or indirectly; that defendants be cited and served to appear and answer herein, and that said temporary restraining order be made permanent, and that plaintiff have judgment against the defendants and each and all of them for the title and possession of said above described lands and premises, and that writ of restitution issue; that said sheriff's deed above mentioned be removed as a cloud upon this plaintiff's title, that said sale be set aside and held for naught, that said claimed two indebtednesses be declared paid off and discharged and removed as clouds upon this plaintiff's title to said premises, that said tendered sum be paid to defendants in satisfaction thereof, for their actual damages, $5,000.00, and judgment for exemplary damages, $5,000.00, for interest, costs of court, and for such other and further relief, special and general, in law and in equity, to which this plaintiff may be justly entitled."

The petition was presented, on the 23d day of May, 1934, to Judge Ben F. Wilson, judge of the Eightieth judicial district, sitting in chambers, who upon such petition ordered the entry of the following order:

"It is ordered that the temporary injunction prayed for therein and the temporary restraining order prayed for therein be granted, and the clerk of this court is ordered to issue such temporary restraining order restraining defendant E. W. Redwine, his agents, servants, and employees, or any one of them, from further trespassing upon said premises described in plaintiff's petition, and in any manner entering upon the same, or wrecking or razing any buildings on said premises, or removing any materials from said premises, or disturbing or in any manner interfering with plaintiff's property, business and residence upon said premises, either directly or indirectly, upon plaintiff executing a bond, as required by law, payable to said defendant in the sum of $250.00, and the said defendant Redwine is ordered to appear before the District Court of Harris County, Texas, for the 80th Judicial District on the 15th day of June, A. D. 1934, at 9 A. M. o'clock, to show cause, if any he has, why said temporary restraining order should not be continued in full force during the pendency of this suit."

All defendants answered by a general demurrer and several special exceptions, but, as the disposition of the same is not material to the issues presented by this appeal, it becomes unnecessary to make further mention of them here. Defendants also pleaded not guilty.

Defendant E. W. Redwine filed a separate answer in which he adopted the answer of all defendants theretofore filed, and further an-

swering alleged that he purchased from A. E. Heidingsfelder, the owner of the land in controversy, for a valuable consideration, the buildings situated on said land; that, at the time of such purchase of the land involved in this suit, he had no notice of any claim or right in the land and premises on the part of plaintiff or any other person or persons whomsoever; that after his purchase he gave plaintiff due notice to vacate the premises, and that upon receipt of such notice plaintiff agreed to remove from the premises; that plaintiff acknowledged and admitted to this defendant that he was a tenant of Heidingsfelder, and that, if he ever had any right or claim to the premises, he then waived such right and claim. He specially pleaded an estoppel. His prayer was for the dissolution of the temporary injunction theretofore issued, for costs, etc.

The case was thereafter presented to Judge Roy F. Campbell for hearing and disposition, who entered judgment against the plaintiff, holding that the evidence presented was wholly insufficient to sustain plaintiff's contention or to authorize the continuance of the temporary injunction theretofore granted, and refused to continue in force said temporary injunction pending the trial of the cause.

The plaintiff has appealed.

Upon the request of plaintiff, the court filed his findings of fact and conclusions of law, as follows:

"Preliminary Findings.

"This suit was instituted on the 23 day of May A. D. 1934, by plaintiff, W. H. Rogers against A. E. Heidingsfelder, Sam W. Becker, and E. W. Redwine, being in the nature of a trespass to try title suit, for damages, and for a temporary restraining order and permanent injunction against E. W. Redwine, one of the defendants. On said date a temporary restraining order was granted against said defendant Redwine, returnable on the 15th day of June A. D. 1934, on which date the restraining order was continued in force, by agreement of parties, until June 20th, 1934, when a hearing was had thereon before this court. At said hearing evidence was introduced by the plaintiff, and upon the completion of plaintiff's evidence, defendant Redwine, through his attorneys, moved the court that the restraining order be dissolved and the temporary injunction refused and denied, which motion was, by the court, granted, without said defendant, or any of the other defendants, producing any evidence in this case at said hearing.

"Findings of Fact.

"The Court makes the following Findings of Fact:

"That the property involved in this suit, to-wit, Lot No. 3, of the Subdivision of the Elizabeth Benson 2-acre tract, out of the S. M. Harris Survey, N.S.B.B. in Harris County, Texas, being approximately 50x208 feet in dimensions,—prior to January 6th, 1931, was the property of plaintiff W. H. Rogers. That said property was then and is improved with two frame and corrugated iron factory and warehouse buildings, and was and is used by the plaintiff as a warehouse, paint factory and roofing material storage. That prior to said date above, Barrett Roofing Company occupied approximately one-fifth of the area of one of the two buildings upon the property, and the other four-fifths of the one building and all of the other building was and is occupied by plaintiff W. H. Rogers.

"That said portions of said property occupied by W. H. Rogers are used as a paint factory, with paint making and mixing machinery installed, and for the storage of oils, paints, barrels, and other equipment of said buildings, and also for the storage of roofing materials and the machinery and equipment used in the roofing and sheet metal business. That said portions of said property were so used prior to the date first above mentioned, and at all times since, and are still so used at this time.

"That on or about October 23rd, 1930, an agreed judgment was entered in favor of defendant, A. E. Heidingsfelder against Wm. H. Rogers and F. O. Roth in Cause No. 175,040, out of the 113th District Court of Harris County, Texas, for the sum of $2,200.00, together with interest and costs of court, together with foreclosure of mortgage liens upon and against the property involved in this suit. That no appeal was taken from said judgment and said judgment became final on November 23rd, 1930. An execution and order of sale was issued out of said court in said cause on the 2nd day of December A. D. 1930, which was levied by the Sheriff of Harris County, Texas, upon said property on said 2nd day of December A. D. 1930, and notices of sale duly and properly posted and published for the required length of time; and, on the first Tuesday in January, 1931, being the 6th day of January, 1931, between the hours of 4 o'clock P. M. and 10 o'clock A. M. on said date—being the date mentioned in said notices—said property was sold by the Sheriff of Harris County, to defendant A. E. Heidingsfelder for the sum

of $500.00, same being the highest and best bid therefor, and on January 6, 1931, the sheriff executed a deed to said property to said Heidingsfelder.

"That plaintiff Rogers knew of said sale, had proper notice thereof, was present at said sale, made no bid upon the property and raised no objection to such sale.

"That after the aforementioned sale, the defendant, Heidingsfelder, rented to plaintiff, Rogers, the premises in question for the sum of $15.00 per month; that Rogers continued thereafter to keep his paint and machinery in the said premises and occupied the said premises as his place of business as a tenant of the said defendant, Heidingsfelder. That the said plaintiff, Rogers, had before the judgment above mentioned was taken, rented a part of the premises in controversy herein to Barrett Roofing Company and after the said defendant, Heidingsfelder, had rented the said premises to the said Rogers, the said Rogers collected certain rent from the Barrett Roofing Company and remitted the same to the said Heidingsfelder. That the defendant, Heidingsfelder, at no time agreed with the plaintiff Rogers that said Rogers should have additional time to pay off the aforementioned judgment, but stated to the said Rogers on several occasions that if he could borrow the money to pay off the said judgment that the said Heidingsfelder would then be willing to deed the property in controversy back to him, but which the plaintiff, Rogers, failed to do.

"That on or about March 29, 1934, the defendant, Heidingsfelder, by an instrument in writing, sold to the defendant, Redwine, the buildings upon said premises, with the right on the part of said Redwine either of wrecking the same or of removing them in their then condition from the premises. That in pursuance to such agreement the defendant, Redwine, did on or about the 18th day of May, 1934, enter upon the said premises and begin tearing down the said building and removing therefrom some of the sheet iron and lumber when he was stopped by temporary restraining order issued out of this court in this cause. That prior to the time the defendant, Redwine, entered said premises, he gave notice to the plaintiff, Rogers, that he had purchased said buildings and intended to tear them down and gave the plaintiff, Rogers, notice to remove his effects therefrom and the plaintiff, Rogers, agreed to remove his effects and material within one week from such notice and the plaintiff, Rogers, having filed to remove his property therefrom within such time, the defendant, Redwine, thereupon proceeded to tear down such buildings. That at the time the said Redwine began tearing down such buildings there was in said buildings certain dry colors used in the manufacture of paint and certain machinery. That the said dry colors were for the most part covered by tarpaulins and canvas covers by the defendant, Redwine, before he commenced wrecking said buildings. That due to the fact that the plaintiff, Rogers, had failed to remove his dry colors from the said buildings after having had ample time from and after the notice aforesaid given to him by the defendant, Redwine, he failed to use reasonable prudence to protect his own property, and such thereof as was injured due to the fact that the plaintiff failed to remove same after having ample notice and time to do so before the defendant, Redwine, commenced tearing down the said building. That some of the dry colors in said building were injured by reason of dirt having gotten therein, and the extent of such injuries the court is from the evidence unable to determine.

"That in Cause No. 175,040, above mentioned, an agreed judgment was rendered in favor of the defendant, Heidingsfelder. The decree did not contain any recitation for a writ of possession and no writ of possession has since been issued in said cause and no writ of possession was ever served on the plaintiff, Rogers.

"The court finds as a matter of law that no writ of possession was necessary to enforce said judgment, and that even if the writ was necessary, the plaintiff, Rogers, waived the same by attorning to the defendant, Heidingsfelder. That at the time of the entry upon the said premises by the defendant, Redwine, no writ of possession had issued upon the aforesaid judgment, nor had any other writ issued thereon, and no suit for forcible entry and detainer had ever been filed by the defendant, Heidingsfelder, to recover possession of the said premises.

"That on May 2nd, 1934, the defendant, Redwine, gave written notice to the plaintiff, Rogers, to vacate the said premises, and said Rogers agreed to remove his effects therefrom and move them to another place.

"The court further finds that the wrecking and razing of said buildings have not injured plaintiff's business.

## "Conclusions of Law.

"From the foregoing the court concludes as a matter of law plaintiff is not entitled to a temporary injunction against defendants."

No statement of facts nor assignments of error have been filed in this court, nor have

there been filed in this court briefs by either party.

The facts found by the trial court sustain the judgment rendered, and it therefore becomes our duty to affirm the judgment, and it is therefore accordingly so ordered.

Affirmed.